RECEIVED 2025 JUN -3 PM 3:14 CLERK U.S. DIST. COURT WEST DIST. OF MO KANSAS CITY, MO

RECEIVED 2025 JUN -3 PM 3:14 CLERK U.S. DIST. COURT WEST DIST. OF MO KANSAS CITY, MO

THE WESTERN DISTRICT OF MISSOURI FEDERAL DISTRICT COURT IN KANSAS CITY

DAVID E BURGOON SR and MELINDA J BURGOON.

Plaintiffs,

vs.

AARON JOHN MARTIN as an Individual Citizen
Defendant

Case No. 2:25-cv-4125-WJE

**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AGAINST AARON JOHN MARTIN, INDIVIDUALLY, INCLUDING "DUE PROCESS OF LAW" AS DEFINED IN THE CONSTITUTIONAL DOCTRINE OF CASES AND CONTROVERSIES, AND THE 5TH AND THE 14TH AMENDMENTS; PLAINTIFFS ARE INVOKING FRCP 42 U.S. Code § 1983 – Civil Action For Deprivation Of Civil Rights And Title 18 § 242 Which Makes It A Crime For A Person Acting Under Color of Any Law To Willfully To Deprive A Person Of A Right Or Privilege protected by the Constitution Or Laws Of The United States**

COMES NOW the pro se Plaintiffs, David E Burgoon, Sr and Melinda J Burgoon who are "CHALLENGING THE STANDING OF <u>US Bank Trust National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust</u> which is the name of the Plaintiff in the <u>Plaintiff's Motion To Dismiss,</u> and The Plaintiffs, David E Burgoon, Sr and Melinda J Burgoon ARE CHALLENGING THE SUBJECT MATTER JURISDICTION of the Missouri State Circuit Court 26 of Moniteau County Case Number 25MT-AC00008 pursuant to a complete lack of review of the petition to determine if the Plaintiff has met the Constitutional, Irreducible, Minimum, Requirements of Standing; And for their Complaint against **AARON JOHN MARTIN**, as the Citizen that he was, when he moved this Void Case forward after having made no effort to <u>review</u> the Complaint to determine if the minimum requirements had been met for Constitutional Standing and therefore there was no Subject Matter Jurisdiction for the Missouri state court unlawful detainer petition filed by the plaintiff <u>US Bank Trust National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust</u>. Plaintiffs state without Standing and therefore without Subject Matter Jurisdiction Aaron John Martin inexplicably ruled in favor of the Plaintiff, giving the Plaintiff, <u>US Bank Trust National</u>

<u>Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust</u> the home of The Plaintiffs in this case with no proof of being the party in interest before the Unlawful Detainer Court at all.

In Order to Determine:

1.) That the Plaintiffs are alleging that the judge has not met his duty and burden to review the Unlawful Detainer Petition to determine if the Plaintiff in that case has met the Constitutional, Irreducible, Minimum, Requirements of Standing. This is a threshold issue, there is no standing, so there can be no case. The judge has committed the violation of Deprivation of Constitutional Civil Right against the Plaintiffs in the Unlawful Detainer Circuit: Circuit 26 Case Number: 25MT-AC00008. This is Deprivation of "Due Process of Law" pursuant to the Constitutional Doctrine of Cases and Controversies as defined in the 5th and 14th Amendments in the United States Constitution. Due Process of Law is what protects all residents of the United States of their rights to Life, Liberty, and most precious to the Plaintiffs, **Property**. Aaron John Martin betrayed his oath to the constitution and committed the act of Deprivation of Civil Rights against David E Burgoon, Sr and Melinda J Burgoon who are the owners of the subject property at 32260 Theodore Rd California, MO 65018. Mr. and Mrs. Burgoon are the Plaintiffs in this Deprivation of Civil Rights case. Pursuant to state law allowing non-judicial foreclosure relief to foreclosing parties, Mr. and Mrs. Burgoon are the Plaintiffs in that case also, which is ongoing. Mr. and Mrs. Burgoon, the Plaintiff's in this case are stating that they have suffered injury in fact, and will demonstrate this claim with concrete and particularized evidence in this Complaint, and that they are about to suffer further Injury from the imminent threat of having their house taken by an entity that has made no claim of injury and provided no legal evidence of being the party in interest. The Plaintiff's only claim at all has been,

*"The Plaintiff is the current owner of the Property pursuant to the recorded deed and has standing to bring this suit for Unlawful Detainer."*

*That is all. They claim that the purchased the Defendant's home "at the sale".* The Plaintiff attended the sale with a long-time real estate consultant and there was no bidding done at all that followed the rules set by the successor trustee East Plains Corporation. (**SEE Exhibits:** Filed Affidavits)

There is no mention of Injury. Each of the Plaintiff's state citations are of no use in proving Standing in this Article III Standing Case. Each of the state citations <u>"presumes</u> that the foreclosing party has already established standing." <u>Law is not presumed or implied.</u> Whoever

US Bank is in this case it has never mentioned Injury in Fact, nor presented "concrete and particularized" evidence. The Plaintiff has used two names for itself.

US BANK TRUST NATIONAL ASSOCIATION

US BANK TRUST NATIONAL ASSOCIATION As Trustee, NOT IN ITS INDIVIDUAL CAPACITY, for VRMTG ASSET TRUST, Plaintiff,

2. That there are no claims of injury of who may have caused any alleged injury and no "Concrete and Particularized" evidence included in the state of Missouri Unlawful Detainer Case which is the subject case of this Complaint. Pursuant to the Constitutional Doctrine of Cases and Controversies, which is federal law. There is no Standing in the Unlawful Detainer Case, which is associated with the non-judicial wrongful foreclosure case, which is ongoing, should have already been dismissed. *"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action."* **FRCP Rule 12(h)(3)** - This is a federal question. It concerns constitutional civil rights and the Supremacy Clause.

**Maxim:** No cause of action can arise from fraud...

3.) That the reason the Plaintiff in the subject unlawful detainer case did not attempt to meet the Constitutional, Irreducible, Minimum Requirement of Standing is that it cannot show an intact chain of title of the Promissory Note evidencing the remaining debt from the date of the loan closing to U.S. Bank Trust Company, National Association is that U.S. Bank Trust Company, National Association has never been a true party in interest in any purchase or other type of real transfer of the Defendants remaining debt, other than assignments of the Deed of Trust which cannot be assigned, as they follow the Promissory Note, and if such an assignment were to be recorded it would be a nullity and have no effect. Standing is a threshold question and only a party with Standing can be Allowed to Cross the threshold to gain entrance to a court to plead its case.

*They presume injury. In law, Injury is not presumed.*

3.1) That, this Complaint, is based on the Lack Standing of the Plaintiff and therefore a total absence of Court Subject Matter Jurisdiction pursuant to **FRCP Rule 12 (b)(1)** to Invoke their Rights to Challenge the Standing of the Defendants at *any Time* Under Article III of the United States Constitution as follows: That Article III of the Constitution of the United States and the Supreme Court have established an irreducible minimum set of requirements for a party in a

genuine dispute to establish Standing. If Standing cannot be established all courts in the land must acknowledge that the court has no jurisdiction to hear any merits of a case and must dismiss the subject action. That the requirements are:

1. The Plaintiff must claim and prove with concrete and substantive evidence that it has sustained an Injury in Fact.

2. That the causation of this injury must be Fairly Traceable using the same burden of evidence to the Defendant.

3. The court must be able to redress the injury with a ruling in favor of the injured party.

*Elliott v. Peirsol,* **1 Pet. 328, 340, 26 U.S. 328, 340 (1828): In** *Elliott v. Lessee of Piersol* **(1828) 26 U.S. 328,** the Supreme Court ruled that "`When a court has jurisdiction of the person and subject matter, it has a right to decide every question which occurs in the cause, and whether this decision be correct or otherwise, its judgment until reversed is regarded as binding in every other court.'"

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court.

But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable but simply void."

That the issue of standing may be raised at any time. (**Article III of the U.S. Constitution**) (*Lacey v. BAC Home Loans Servicing, LP,* **480 B.R. 13 (2012), United States Bankruptcy Court, D. Massachusetts, Bankruptcy No. 10-19903-JNF, Adversary No. 12-1249)** (*Ibanez,* **458 Mass. At 651, 941 N.E.2d 40)** (*Bailey v. Wells Fargo Bank, NA (In re Bailey),* **468 B.R. 464 (Bankr. D.Mass. 2012))** (*Ball v. Bank of New York,* **No. 4:12-CV-0144-NKL, 2012 WL 6645695, at \*2 (W.D. Mo. Dec. 20, 2012) (Williams v. Kimes, 996 S.W.2d 43 (Mo. 1999))** *That Standing is a jurisdictional issue antecedent to the right to relief. Missouri Courts and Federal Courts are well settled on the matter. There is no court discretion. If Standing has not been proved by the offending party, then the court has no jurisdiction to hear the merits of the case. Importantly, courts have recognized that failure to satisfy all standing requirements may be dispositive in cases involving foreclosures."*

4.) That the Notorious U.S. Bank Trust National Association as An Alleged Trustee of some sort of a of a replica of a Real Estate Mortgage Investment Conduit (REMIC) Trust that cannot be found to exist, and which U.S. Bank Trust Company, National Association has never tried to prove it does exist. There are other acts which render any attempt of non-judicial foreclosure to be void ab initio", <u>as the security instrument cannot hold or transfer the ownership of the debt</u> pursuant to **Carpenter v Longan** 83 U.S. 21 L.Ed. 313, 16 Wall. 271 (1872) APP. from the **Sup Ct Colorado Territory,)** "*An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed.* "**Norton v. Shelby County**, 118 U.S. 425 p. 442. Any movement forward by the Moniteau County court without Subject Matter Jurisdiction would not take along the judge's immunity and would be an intentional act of **Deprivation of Civil Rights** pursuant to the **5th and 14th Amendments** to The **United States Constitution**. Maxim: <u>Accessorium Principale Sequitur</u>; - "The accessory follows the principal"; Origin - Latin; Explanation - The maxim explains that an accessory thing does not lead but follows the principal thing)

5.) That nor did US Bank Trustee offer any "Concrete and Particularized Evidence" to prove that the oddly named **REMIC VRMTG Asset Trust** exists. Instead, it is a prop that US Bank Trustee named as **The Real Plaintiff** while trying through deception and a scheme or artifice, to take a home from American Citizens without even attempting to meet the Constitutional, Irreducible, Minimum Requirements of Article III Standing, pursuant to the Constitutional Doctrine of Cases and Controversies which is the controlling law of Standing. Without which there can be no Subject Matter Jurisdiction for the court, and therefore there is no judge.

6.) That Standing Must Exist at The Time of The First Filing of Whoever, or Whatever is Claiming to Be the Foreclosing Party. The Definition of Article III Standing comes from the United States Constitution and is defined by the United States Supreme Court. *That the foreclosing party defendants have established no facts in law. None are credited unless they are sworn; all facts must be under oath or affirmation.*

**The Trustee Roles in Foreclosure:**

7.) That it is well known that US Bancorp and its subsidiaries have an organizational Brochure which is handed out daily to its customers detailing the duties that a Trustee of mortgage-backed securities can perform. **(See Exhibit X)**

A trustee for Mortgage-Backed Securities (MBS), can perform only a narrow set of duties:

- They hold an interest in mortgage loans for the benefit of investors.
- They collect payments from the servicer and distribute them to the investor's accounts.
- They do not initiate foreclosures.
- They do not manage or maintain properties in foreclosure.
- They do not approve loan modifications.
-- They do not oversee or direct the actions of mortgage servicers.

The brochure even says that trustees like U.S. Bank Trust Company National Association have no advance knowledge of when a mortgage loan defaults. They are merely a placeholder, an administrative figurehead for the trust that pools together thousands of mortgages and sells them off as securities to investors who are then the beneficiaries of the Mortgage-Backed Security. The Trustee's main duty is to the business needs of the beneficiaries of the trust (stockholders).

8.) U.S. Bank Trust Company National Association and other companies like them do not have Standing to foreclose and they will not say they do in the Complaints written by their Attorneys.

9.) The alleged Plaintiff in the unlawful detainer case, which is the subject of this complaint, does not state that. The Plaintiff only claims that it purchased the home "at the sale". However, in the newspaper publishing of the non-judicial foreclosure sale and in the online rules on the Successor Trustee EastPlains Corporation's website, it is clearly stated that to participate as a bidder at the sale the bidder had to attend the sale. It did not state any exceptions.

10.) That the Defendant Melinda Burgoon attended this sale along with a Missouri Real Estate broker/owner who has been a real estate consultant for 3 decades and was a 50% owner of a mortgage brokerage company in Missouri from 2004 to 2012. There were no bidders at the sale at the Moniteau County Courthouse during the duration of the sale. The Defendant (the plaintiff in this case) and the Real Estate Consultant were at the Moniteau County courthouse more than an hour before the EastPlains Corporation's Successor Trustee (allegedly crying the sale) employee arrived. The defendant and the consultant stood by at the sale and stayed for more than an hour after the employee and her assistant left.

11.) That Eastplains Corporation has filed a Motion to Dismiss in the wrongful foreclosure case in which they have tried every way they could think of to convince the court that they had done nothing wrong. But they both knew that Eastplains Corporation and US Bank Trustee were going to falsely claim US Bank Trustee purchased the home at the void sale.

12. That two months after the sale US Bank Trustee did file an eviction case while there was already a wrongful foreclosure case ongoing. There had never been any communication whatsoever between the Plaintiffs and US Bank Trustee. The Foreclosing Party knew they were going to use an unreconciled and unestablished credit bid to sell the Plaintiffs' home to US Bank.

See Exhibit X: The US Bank Trust brochure states that:

The Trustees of REMIC Trusts do not initiate foreclosures.
   – They do not manage or maintain properties in foreclosure.
   – They do not approve loan modifications.
   -- They do not oversee or direct the actions of mortgage servicers.

There was a clear plan that US Bank would file a very, belated Unlawful Detainer. The Plaintiffs had never heard of EastPlains Corporation or US Bank Trust.

EastPlains Corporation has never prepared or distributed a "Reconciliation of the Disbursements" of the Proceeds from the sale of the home and delivered it to the Plaintiffs in this case. *(Regarding Defendants' rights to challenge assignments: In re: **Walter W. Lacey v. BAC Home Loans Servicing, LP et al**, U.S. Bankruptcy Court, D. Massachusetts, (2012).: stated: 16 "This Court concludes that the Debtor has standing to challenge the validity of the foreclosure sale to the extent that there is an issue as to whether the entity conducting the foreclosure sale was the actual holder of the Promissory Note and mortgage by way of endorsement of the Promissory Note at the time of the notice and sale. See **Ibanez**, 458 Mass. At 651, 941 N.E.2d 40. ("there must be proof that the foreclosure was carried out by a party that itself held the mortgage...the foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have authority to foreclose under the power of sale..."). (See also **Bailey v. Wells Fargo Bank, NA (In re Bailey)**, 468 B.R. 464 (Bankr. D.Mass. 2012) (holding that the debtor had standing because her argument was not based on the breach of an underlying contract to which she was not a party; instead, her argument was aimed at the ownership of the mortgage at the time it was purportedly assigned).*

13.) That having a basic understanding of the trustee's limited role is important. Trustees like "US Bank Trustee" can be challenged on their standing to foreclose. If the trustee doesn't have the legal authority to act, the foreclosure can't proceed – at least not without a thorough examination of who actually holds the Promissory note and the remainder of the debt. This is

where "the chain of title" becomes crucial. The servicer might claim they have the right to foreclose on behalf of the trust. The Servicer, formerly known as Specialized Loan Servicing and is also formerly known as SLS, LLC and is formerly known as NewRez, LLC, and is known now as NewRez, LLC d/b/a Shell Point, Servicing a fictitious name registered with the Missouri Secretary of State. This servicer is one of the multiple recipients of a void assignment of the Deed of Trust from the Burgoon closing.

**The Power of Information**

U.S. Bank Trust Company National Association's own brochure which is handed out to trust account customers is not hidden and it is easily acquired by homeowners facing foreclosure. It strips away the illusion that these big trustees have Standing to foreclose on a home. They don't.

14.) That, Standing is a Threshold Issue and without Standing there can be no case. Standing must exist at the very beginning of a case, or it can never exist at all. Standing once found to be deficient cannot be repaired. The belief that this big effort to slow down the Wrongful Foreclosure case and get US Bank Trustee in the position to evict the Plaintiffs in Missouri's awful Unlawful Detainer court before the Plaintiff/Homeowners could finish the foreclosure is misguided. The Unlawful Detainer case cannot even become a case. This is now a "federal question", or a Constitutional question. The Unlawful Detainer case was void when US Bank Trustee did not claim injury and prove it in the original filing of the case. It cannot be repaired now. *That the foreclosing party defendants have established no facts in law. None are credited unless they are sworn; all facts must be under oath or affirmation. Article III Standing is a requirement in all state and federal courts in the United States. This requirement gives a party the "right to make a legal claim or seek judicial enforcement of a duty or right." Standing requirements for the federal courts are uniform and based upon constitutional requirements. For a lender to foreclose on a debtor's property, the lender must meet certain substantive constitutional requirements established by the doctrine of standing and prudential limitations required by rules of civil procedure. Courts have stated that "[T]he concept of standing subsumes a blend of constitutional requirements and prudential considerations." The law of standing has its roots in Article III's Doctrine of cases and controversy requirement. /1/ The U.S. Supreme Court has established a three-part test for standing. The "irreducible, constitutional minimum of standing" requires the plaintiff to establish: First... an "injury in fact"-an invasion of a legally protected interest which is 12 (a) concrete and particularized, and (b) "actual or imminent," not (c) "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ...trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of*

*some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."/2/ 20.) Because standing is a "threshold question," courts have stated that "a defect in standing cannot be waived; it must be raised, either by the parties or by the court, sua sponte, whenever it becomes apparent.*

15.) That, the Constitutional, Irreducible, Minimum Requirements Of Article III Standing Include (In This Case) Making The Fantastic Claim Of Having Suffered A Contractual Injury For Which The Plaintiffs Were Somehow The Causation, even though The REMIC TRUST and US Bank Trustee never claimed that either of them had ever paid any consideration in order to improbably end up owning the remainder of the subject matter debt, if any. The Defendants had never had any communication with the US Bank entity. They had communication with six other entities claiming to be servicers.

16.) That we are now just scratching the surface of the collection of characters and co-conspirators and the incompetent acts they committed to confuse and disorient the Plaintiffs. On the day of closing Legends Bank, an originating broker which claimed to the Plaintiffs that it was the Lender, endorsed the Promissory Note and a useless Allonge to <u>Gershman Investment Corporation dba Gershman Mortgage</u> who have not been seen or heard from since the fraudulent nonjudicial foreclosure Petition was filed. The Sheriff's Department of St. Louis County has stated on two attempts to serve Gershman that Gershman Investment Corporation would not take the service. That is the name that Gershman allegedly was the beneficiary of an endorsement of the Promissory Note from the Linn Holding Company dba Legends Bank.

17.) That there are five recordings of void Assignments of the Deeds of Trust to different entities of this circus.

18.) That Mortgages and Deeds of Trust cannot be assigned or transferred without the Promissory Note at all. These assignments were all recorded on the day of closing. **Carpenter v Longan** US Sup Ct 1872 from the Colorado Territories, *"that the Promissory Note is essential, for it is the evidence of the debt. The mortgage (Deed of Trust) is incidental to the contract."* There is no legal requirement for collateral in a loan. Yet that is all the Security Instrument is. It is the agreement between the Lender and the Borrower as to what, if anything, will be the security for the loan. "The "mortgage" must always follow the Note."

19.) That there is no value in the mortgage and there is no way to foreclose if it has been sold to a "Stranger to the Contract." The reason for all these assignments of the security instrument was to distract and confuse the Borrowers so that they would forget about the Promissory

Note, which US Bank does not have, and they have been defendants in different courts many times on this very issue. That Additionally, the non-judicial foreclosure claims that multiple entities have received some kind of ownership of the Plaintiffs Remaining Debt Balance by assignment of the security instrument, the Deed of Trust, which should never have been attempted at all. (SEE EXHIBIT: ASSIGNMENTS OF THE SECURITY INSTRUMENTS.)

20.) That these attempted transfers are void ab initio. as the security instrument cannot hold or transfer the ownership of the debt pursuant to (*Carpenter v Longan* **83 U.S. 21 L.Ed. 313, 16 Wall. 271 (1872) APP. from the Sup Ct Colorado Territory,**) "*An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, as inoperative as though it had never been passed.* "**Norton v. Shelby County, 118 U.S. 425 p. 442**. Any movement forward by this court without Subject Matter Jurisdiction would be an intentional act of Deprivation of Civil Rights of Due Process pursuant to the 5th and 14th Amendments to The United States Constitution. No Defendant in the Wrongful nonjudicial foreclosure case has ever mentioned the Promissory Note in any way.

**Maxim:** *Accessorium Principale Sequitur; - "The accessory follows the principal"; Origin - Latin; Explanation - The maxim explains that an accessory thing does not lead but follows the principal thing to which it is the accessory.*

**Maxim:** *Maxim: A piratis aut latronibus capti liberi permanent (DIG. 49. 15. 19.2.) – "Things do not change their ownership when captured by pirates and robbers."*

21.) Missouri has a Bill of Rights, and it has a constitution. Neither of those sets of law say anything about the Trustee's deed or Sheriff's deed being invulnerable to arguments. That is just in the state statute. It is just in the Statute itself. But, if the alleged foreclosing party will not write down and file the reason he thinks he can foreclose, then neither can the same foreclosing party show it can meet the requirements of Standing. They are the same issue. The foreclosing party cannot obtain a Trustee's Deed because without Standing there can be no legal Unlawful Detainer case opened. The Case is Void ab initio. Maxim: **Fraud vitiates all, even the most solemn contracts and judgments.**

*(Standing is a threshold question based on the "case or controversy" requirement of Article III and cannot be waived. Without standing, a party is not properly before the court to advance a cause of action. ("That in* **"United States v. AVX Corp., 962 F.2d 108, 116 n.7 (1st Cir. 1992) (emphasis added);** *see also* **Pershing Park Villas Homeowners Assn' n v United Pac. Ins Co., 219 F.3d 895, 899-900 (9th Cir. 2000)** *(noting that standing is a threshold question based on the*

"cases or controversy' requirement of Article III" of the Constitution and cannot be waived.) See **Farm Bureau Ins. Co. of Ark. V Running M Farms, Inc. 237 S.W.3d 32, 36 (Ark. 2006)** *("It is fundamental in American jurisprudence that in order to bring a lawsuit against an opposing party, one must have standing to do so. Without standing, a party is not properly before the court to advance a cause of action")* **see also Robert T. Mowrey et aql., Issues Arising in Connection with the Foreclosure or Other Enforcement of the Securitized Loan, in MORTGAGE AND ASSET BACKED SECURITIES LITIGATION HANDBOOK, supra note 45, § 5:99, § 5:110** *(providing a general overview of standing relating to securitization litigation). That "without evidence demonstrating the circumstances under which it received an interest in the note and mortgage, a Foreclosing Party cannot establish itself as the holder."* **(Everhome Mortg. Co. v. Rowland 10th Dist. No. 07AP-615, 2008-Ohio-1282, at 115) 25.) (In RE: MERS; United States Appeals Court Ninth Circuit) (See Fed. R. CIV. P. 12(h) (3):** *"If the court determines at any time that if lacks subject matter jurisdiction over the foreclosure, the court must dismiss the action".* Plaintiffs Rights to Challenge Standing; Missouri Law concerning challenging Standing and therefore Subject Matter Jurisdiction of the court does not differ from that of any other state or Federal Law. Example and Excerpt from: **United States Court of Appeals FOR THE EIGHTH CIRCUIT, No. 08-1681, Jacqueline Gray; Windhover, Inc., Plaintiffs-Appellants, v. City of Valley Park, Missouri, Defendant-Appellee., On Appeal from the United States District Court for the Eastern District of Missouri. Amici on behalf of Appellee. * Submitted: December 10, 2008 Filed: June 5, 2009 (Corrected: 06/11/2009) Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges. BEAM, Circuit Jurisdiction** *We recognize that "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction."* **(GMAC Commercial Finance LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004))**. *And, even if neither party has raised the issue below, we are required to address it.* **(Renne v. Geary, 501 U.S. 312 (1991))** *(discussing justiciability and ripeness for the first time before the Supreme Court);* **FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-31 (1990). 14 27.)** *"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."* **(Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,541 (1986).)** *"The limitations imposed by Article III are usually referred to as the 'case or controversy' requirement."* **Schanou v. Lancaster County Sch. Dist. No. 160, 62 F.3d 1040, 1042 (8th Cir. 1995)** (quoting *Arkansas AFL-CIO v. FCC,* **11 F.3d 1430,1435 (8th Cir. 1993) (en banc));** see also *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* **454 U.S. 464, 471 (1982)** *("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'").* This court defines "case or controversy" to require *"a definite and concrete controversy involving adverse legal interests."* **McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir.1992)**. *"Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case. Courts employ a number of doctrines to*

*determine justiciability such as standing, ripeness, and mootness." **Schanou, 62 F.3d at 1042**. Article III Standing represents perhaps the most important" of all jurisdictional requirements. **FW/PBS, 493 U.S. at 231**. This doctrine "requires federal courts to satisfy themselves that the plaintiff (in this case due to the nature of non-judicial foreclosure the Plaintiffs as alleged borrowers are analogous to defendants which are contesting the foreclosing parties standing to collect money, declare default, or conduct a non-judicial foreclosure has alleged such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal-court jurisdiction." **Summers v. Earth Island Inst., 129 S. Ct. 1142, 1149 (2009) (internal quotations and emphasis omitted)**. In the normal course, the foreclosing party has the responsibility clearly to allege facts demonstrating that she is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers. **Warth v. Seldin, 422 U.S 490, 518 (1975)**. This assures the existence of that measure of concrete adverseness necessary to sharpen the presentation of issues necessary for the proper resolution of the constitutional questions. **City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)**. It is customary that "the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor" when making a determination on standing.*

22.) That this is a federal question now. There is no Federal equivalent that will let an imposter evict a homeowner from their home. Federal Rule 17a states that only the real party in interest can claim to be the plaintiff. Therefore, there is no state law which can pre-empt the Supremacy clause and there is no eviction, or court or any other activity who is the claimant of the right to collect money that was given but will not reveal the basis of his claim or the true identity of the Plaintiff.

23.) That the Plaintiffs have, at the beginning of this federal complaint, Challenged Standing and Subject Matter Jurisdiction in their Answer to the filing of the Unlawful Detainer. The judge that was assigned is now the Defendant in this Deprivation of Civil Rights case.

24.) That the Plaintiffs are invoking the **Supremacy Clause**. Missouri's Constitution allows for arguing equity, ownership and rightful possession. So does the Missouri Bill of Rights. The Missouri Unlawful Detainer statute cannot be used in a federal question case. None of the characters on the stage in this case can or even would claim an injury. If they claimed so, they would commit perjury. There is no case now. There really is no way that a case can begin now. Standing must exist at the filing. The judge must review it and report if there is any Standing by filing what he saw in the Complaint or Petition into the docket. That did not happen. This Unlawful Detainer Court is void and should be dismissed.

25.) That as far as what happens when state law conflicts with federal law, the answer lies in a doctrine known as federal preemption. Generally, the preemption doctrine states that when a federal law conflicts with state law, the federal law prevails. While states may make their own laws, they must meet or exceed the federal standard.

26.) That the supremacy clause is in Article VI of the U.S. Constitution. Article VI states that federal law is the "supreme law of the land." This clause means that judges in every state must follow the federal government's Constitution, federal laws, and treaties in matters directly or indirectly within the government's control.

27.) That the preemption doctrine comes from the supremacy clause. It states that federal law preempts state law when the laws conflict. Federal law also preempts state or local law if Congress intends to regulate an area and exclude the states. (*Wyeth v. Levine*).

28.) That the supremacy clause, found in Article VI of the U.S. Constitution, establishes that the Constitution, federal laws, and treaties of the United States are the supreme law of the land. This means that if there is a conflict between federal law and state law, federal law takes precedence. Article VI is the basis for essential constitutional rights. A court without Standing and therefore without Subject Matter Jurisdiction has no jurisdiction to determine its jurisdiction. It is the pleadings of the parties that determine jurisdiction. (**a court cannot issue a ruling on the merits "when it has no jurisdiction" because "to do so is, by very definition, for a court to act ultra vires."** *Steel Co.,* **523 U.S. at 101-102, 118 S.Ct. 1003;**-- (Ruth Bader Ginsburg Justice of the Supreme Court of the United States) delivered the opinion of the Court:..for *"[j]urisdiction is power to declare the law,"* and " *'[w]ithout jurisdiction the court cannot proceed at all in any cause,'* " **523 U.S., at 94, (quoting Ex parte *McCardle*, 7 Wall. 506, 514 (1868)). *RUHRGAS v. MARATHON OIL*, 526 U.S. 574 (1999)** (Justice Thomas **(US, Sup Ct)** dissenting:..William Blackstone in his Commentaries identified the private rights to <u>life, liberty, and property</u> as the three "absolute" rights—so called because they "appertain[ed] and belong[ed] to particular men . . . merely as individuals," not "to them as members of society [or] standing in various relations to each other"—that is, not dependent upon the will of the government. *1 W. Blackstone, Commentaries on the Laws of England 119 (1765)* (Commentaries); see also *Nelson, supra,* at 567.[3 The protection of private rights in the Anglo-American tradition <u>goes back to at least Magna Carta</u>. The original 1215 charter is replete with restrictions on the King's ability to proceed against private rights, including most notably the provision that "[n]o free man shall be taken, imprisoned, disseised, outlawed, banished, or in any way destroyed, . . . except by the lawful judgment of his peers and by the law of the land." **A. Howard, Magna Carta: Text and Commentary 43 (1964).]** *Wellness Int'l Network, Ltd. v. Sharif Wellness Int'l Network, Ltd. v. Sharif,* **575 U.S. 665 (2015)** [this is cited by Thomas in

his concurring opinion in *axon v ftc* 2023: Justice THOMAS, concurring:.."As I have explained, when private rights are at stake, full Article III adjudication is likely required. Private rights encompass "the three `absolute' rights," life, liberty, and property, "so called because they `appertain and belong to particular men merely as individuals,' not `to them as members of society or standing in various relations to each other'—that is, not dependent upon the will of the government." *Wellness Int'l Network,* 575 U.S. at 713-714, 135 S.Ct. 1932 (dissenting opinion) (quoting 1 W. Blackstone, Commentaries on the Laws of England 119 (1765); alterations omitted). *Axon Enterprise, Inc. v. FTC,* 143 S.Ct. 890 (2023)] *"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FRCP Rule 12(h)(3)*

29.) Thus, the Plaintiffs are arguing that AARON JOHN MARTIN as an Individual Citizen and not in his regular duties as a Missouri State Judge did commit acts of Deprivation of Civil Rights causing great injury against David E Burgoon Sr and Melinda Burgoon and those acts caused injury and has brought an imminent threat of more injury if not stopped. The Plaintiffs are arguing this under *42 U.S. Code § 1983 - Civil action for deprivation of rights*

30.) *42 U.S. Code § 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.*
*(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996,* 110 Stat. 3853.*)*

31.) And Under - **18 § 242 18 U.S. Code § 242** - Deprivation of rights under color of law Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use,

attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, § 103(b), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, § 7019, Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, § 60006(b), title XXXII, §§ 320103(b), 320201(b), title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104–294, title VI, §§ 604(b)(14)(B), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)

Plaintiffs pray this court to find for the Plaintiffs and against the Defendant and to find that the Unlawful Detainer case should be declared void ab initio pursuant to the Constitutional Doctrine of Cases and Controversies and the lack of the court's Lack of Subject Matter Jurisdiction and to Quiet Title due to the large number of fraudulent recordings against the subject property and we ask for punitive damages for each party participating in the fraudulent recordings of the Security Instrument (Deed of Trust in MO.).

Plaintiffs pray this court to "grant such other and further relief as the court may deem to be just and proper under the district court's power pursuant to 28 U.S.C. § 2202," and to provide any "[f]urther necessary or proper relief based on a declaratory judgment or decree … against any adverse party whose rights have been determined by such judgment."

Plaintiffs pray for this court to grant such other and further punitive relief that this court deems proper and necessary to demonstrate to others who are similarly situated the gravity of pursuing such illegal endeavors against other property owners.

Respectfully submitted,

_David E Burgoon Sr._  Pro Se Plaintiff     _Melinda J Burgoon_ Pro Se Plaintiff