# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

DAVID E. BURGOON SR., et al.,      )
      )
   Plaintiffs,      )
      )
   v.      )    Case No.: 2:25-cv-04125-MDH
      )
AARON JOHN MARTIN et. al.,      )
      )
   Defendant.      )

## ORDER

Before the Court is Defendant Aaron John Martin's Motion to Strike Amended Complaint or in the Alternative Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 20). Defendant Martin filed Suggestions in Support (Doc. 21), Plaintiffs filed Suggestions in Opposition (Doc. 22) and Defendant Martin has failed to file a reply. The time to file a reply has lapsed and now the motion is ripe for adjudication on the merits. For the reasons stated herein, Defendant Martin's Motion to Strike Amended Complaint is **DENIED,** Motion to Dismiss for Lack of Jurisdiction is **GRANTED IN PART AND DENIED IN PART** and Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises from a dispute regarding the standing and ultimate judgment of the Associate Circuit Court of Moniteau County, Missouri in *US Bank Trust Ass v. David E Burgoon et al* – 25MT-AC00008. Plaintiffs in this case are David E Burgoon, Sr., Melinda J Burgoon, Donna Corneett, Monte Cornett, Tiffany Eden, Nathaniel Parker, Adam Porter and Dee Distler-Closser. Plaintiffs are all Missouri residents and lived within the property subject to the unlawful detainer action. Defendant Aaron John Martin was the judge who presided over the state case.

1

Defendant U.S. Bancorp d/b/a U.S. Bank National Association was the plaintiff in the underlying state action and brought the petition for unlawful detainer. Defendant EastPlains Corporation created the Successor Trustee's Deed on the alleged default of Plaintiffs. Defendants Tony Wheatley and Darcy Thomas were the Moniteau County Sheriff and Deputy, respectively that helped enforce the unlawful detainer action. Defendants John Does number 1 through 10 are the Sheriff's deputies who helped effectuate the removal of Plaintiffs from the Property.

On January 8, 2025, US Bank Trust National Association filed a Petition in Unlawful Detainer against David E. Burgoon Sr., Melinda J. Burgoon, John Doe (unknown tenant(s)/occupant(s)) and Jane Doe (unknown tenant(s)/occupant(s)) in the Associate Circuit Court of Moniteau County, Missouri. The suit is based on a failure of David E. Burgoon Sr., Melinda J. Burgoon, and all those living in the resident at 32260 Theodore Road, California, Missouri 65018 (the "Property") to vacate following a foreclosure trustee's sale held on October 29, 2024. On May 7, 2025, Defendant Martin entered judgment in favor of US Bank Trust National Association finding that US Bank Trust National Association is the record owner of the Property. Judge Martin further found that David E. Burgoon Sr., Melinda J. Burgoon, and those living at the Property had been given notice to vacate and had failed to vacate thus forcibly and unlawfully holding/detaining possession of the Property from Plaintiff. Defendant Martin then ordered that the Plaintiff shall be restored to possession of the Property.

While the Complaint's allegations are generally sporadic, Plaintiffs bring two counts: Count One – Deprivation of Civil Rights Under Color of Law and Count Two – Fraud. Plaintiffs seek relief from this Court by requesting an order which would: (1) void the judgment issued state case; (2) issue quiet title in the name of Plaintiffs for the Property; and (3) an award of punitive damages. Defendant Martin argues that Plaintiffs *Pro Se* Amended Complaint should be stricken

as Plaintiff has neither sought, nor received, leave to file their Amended Complaint. Defendant Martin additionally argues that this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Further, Defendant Martin argues that Plaintiffs' Amended Complaint should be dismissed as the claims against Defendant Martin are barred by the Eleventh Amendment to the extent Plaintiff sues Defendant Martin in his official capacity; any damages claim against Defendant Martin is barred by the doctrines of judicial immunity, qualified immunity, and official immunity. The Court will take each argument in turn.

## STANDARD

### I. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted). But striking a party's pleading is a disfavored and extreme measure. *Id.* (citation omitted). In ruling on a motion to strike, a court must construe the pleadings in the light most favorable to the nonmoving party and even where allegations are redundant or immaterial, they should be stricken "only if prejudicial to the moving party." *Gilbee v. RJW Transp., Inc.*, 2010 WL 4974863, at *2 (E.D. Mo. 2010); *see also Morgan v. Midwest Neurosurgeons, LLC*, 2011 WL 2731534, at *1 (E.D. Mo. July 12, 2011). In short, motions to strike are disfavored and infrequently granted. *Gilbee*, 2010 WL 4974863, at *2 (citing 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3d ed. 2009)).

### II. Motion to Dismiss for Failure to State a Claim

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010)

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I.  Motion to Strike Amended Complaint

Defendant Martin argues that Plaintiffs have filed a Second Amended Complaint without the Court's leave to amend the existing pleading or as a matter of right. Defendant Martin argues that Plaintiff's Second Amended Complaint cannot withstand a motion to dismiss, and even if Plaintiff's were to ask the Court for leave, it should be denied on futility grounds. Plaintiffs argue that the filed *Pro Se* Amended Complaint is the one the Court authorized Plaintiffs to file by virtue of its July 1, 2025, Order.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Specifically, it states:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
>
>> (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only when the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). A Court does not abuse its discretion in denying a motion for leave to amend when there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Anderson v. Bank of the W.*, 23 F. 4th 1056, 1060 (8th Cir. 2022) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The Eighth Circuit has defined futility in the leave-to-amend content to mean that "the amended complaint could not withstand a Rule 12 motion," and has evaluated whether a proposed amended complaint could "survive a motion to dismiss for lack of standing." *Burgess v. CS3 BP Assocs, LLC*, No. 4:22-CV-00063-SRC, 2022 WL 2643505, at *6 (E.D. Mo. July 8, 2022); *see also In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

Here, the Court finds that Plaintiff's *Pro Se* Amended Complaint complies with Federal Rule of Civil Procedure 15. On June 27, 2025, Plaintiffs' filed a *Pro Se* Motion for leave to file Amended Complaint. (Doc. 10). This Court in its July 1, 2025, granted Plaintiffs' Motion for leave to File an Amended Complaint in which the Court ruled:

> As Plaintiff is requesting to file an amended complaint, it is considered a pleading to which a responsive pleading is required. Defendant has yet to file a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f) in this case. Plaintiffs may file their amended complaint once as a matter of right as they have not exceeded the time limitations set for[th] in Federal Rule of Civil Procedure 15(a).

(Doc. 11, page 2). After the Court filed its Order, Defendant Martin filed a Motion to Dismiss Party. (Doc. 12). Plaintiffs did not file their Amended Complaint until August 7, 2025. Plaintiffs'

filed Amended Complaint is the same as the Proposed Complaint Plaintiffs' submitted with their *Pro Se* Motion for Leave to File Amended Complaint. (Doc. 10). To the extent Defendant Martin challenges Plaintiffs' *Pro Se* Amended Complaint as a Second Amended Complaint it is denied. While the Court acknowledges Plaintiffs were dilatory in filing their Proposed Complaint over a month after the Court gave them leave, the Court finds that they have been granted leave to file their Amended Complaint and had done so pursuant to this Court's July 1, 2025, Order. For the reasons stated, Defendant Martin's Motion to Strike Plaintiffs' Amended Complaint is **DENIED**.

## II. Motion to Dismiss for Lack of Jurisdiction

Defendant Martin next argues that Plaintiffs' Amended Complaint should be dismissed under the Rooker-Feldman doctrine. Defendant Martin argues this Court lacks subject matter jurisdiction and must dismiss Plaintiffs' claims, requiring Plaintiffs to pursue available review in Missouri's state courts. Plaintiffs make no arguments relating to the Rooker-Feldman doctrine.

"The Rooker-Feldman doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)). "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). However, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached then there is jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

The Court finds that the Rooker-Feldman doctrine applies to the case at bar. In Plaintiff's Amended Complaint they state they are:

CHALLENGING THE SUBJECT MATTER JURISDICTION of the Missouri State Circuit Court 26 of Moniteau County Case Number 25MT-AC00008 pursuant to a complete lack of review of the petition to determine if the Plaintiff had met the Constitutional, Irreducible, Minimum, Requirements of Standing.

(Complaint ¶ 2). Plaintiffs Count I – Deprivation of Civil Rights Under Color of Law is in essence an appeal of the underlying state court decision challenging the subject matter jurisdiction of that court. This Court therefore does not have jurisdiction to adjudicate Count I and Plaintiffs' recourse for this count is within the appellate courts of the state system. Further, the federal courts share concerns for finality and consistency and has generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). As such, the Court is without jurisdiction to Plaintiff's Count I – Deprivation of Civil Rights Under Color of Law.

However, Plaintiff's Count II – Fraud is an independent cause of action that was not brought in the underlying state law action. Thus, the Rooker-Feldman doctrine does not apply to that cause of action and the Court rightfully has jurisdiction to adjudicate the claim. For the reasons stated, Defendant Martin's Motion to Dismiss Plaintiffs' Amended Complaint based upon the Rooker-Feldman Doctrine is **GRANTED** as to Count I – Deprivation of Civil Rights Under Color of Law and **DENIED** as to Count II - Fraud.

## III.   Motion to Dismiss for Failure to State a Claim

Defendant Martin argues that Plaintiffs' Amended Complaint should be dismissed for failure to state a claim. Specifically, Defendant Martin argues that Plaintiffs' claims against him are barred by the Eleventh Amendment to the extent such claims are brought against him in his official capacity; claims against him in his individual capacity are barred by judicial immunity; and claims against him are also barred by qualified immunity and official immunity. Plaintiffs make no arguments relating to Defendant Martin's argument but rather recite a host of issues it

7

claims gives rise to the implication that subject matter jurisdiction was not had in the underlying state case. They argue: (1) US Bank Trust National Association is not registered with the Missouri Secretary of State, Missouri Division of Finance, and the last refence to US Bank Trust National Association they could find was to a 2008 trust; (2) The VRMTG Asset Trust appears to have been opened and closed in 2013 and that Plaintiffs' loan for the Property was closed in 2018, making it impossible for the loan papers to have been properly placed into a 2013 REMIC Trust; (3) US Bank Trust does not have a note and was not present at the sale and therefore could not bid under the Successor EastPlains Corporation Trustee's rules for bidding on the Property; and that (4) US Bank Trust Company and the BRMTG Asset Trust have not shown anything but a fraudulent Trustee's Deed.

### A.    Eleventh Amendment

The Eleventh Amendment bars claims for damages by private parties against a state. *Moore v. Yardely*, 376 F.Supp.3d 1004, 1008 (D. Neb. 2019); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *Moore v. Yardely*, 376 F.Supp.3d 1004, 1008 (D. Neb. 2019); *see also Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 444 (8th Cir. 1995). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiffs have specified that they are suing Defendant Martin in his individual capacity and not in his official capacity. (Doc. 18, page 1). As Plaintiffs have not brought a claim

against Defendant Martin in his official capacity, the Eleventh Amendment in this case does not apply. For the reasons stated, Defendant Martin's Motion to Dismiss Plaintiffs' Amended Complaint based on Eleventh Amendment immunity is **DENIED**.

### B. Judicial Immunity

A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, through judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090–91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id*. (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11_12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356_57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

"In addressing a motion to dismiss, '[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted)). In other words, materials outside the pleadings generally must be ignored, "but [the court] may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The subject matter jurisdiction of Missouri's courts is governed directly by the state's

constitution. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. 2009). Article V., section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, proving that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs and shall sit at times and places within the circuit as determined by the circuit court." *Id* at 253–54.

Here, the Court finds that Defendant Martin had jurisdiction and thus judicial immunity applies. US Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust, the Plaintiff in the underlying state action filed a Petition in Unlawful Detainer in the in the Associate Circuit Court of Moniteau County, Missouri. *See US Bank Trust National Ass. v. David E Burgoon et al*. – 25MT-AC00008. US Bank Trust National Association attached a Successor Trustee's Deed showing rightful ownership of the Property. *Id*. Pursuant to Article V., section 14 of the Missouri Constitution, Defendant Martin had subject matter jurisdiction over this case. As Defendant Martin had subject matter jurisdiction, Defendant Martin is entitled to judicial immunity for actions taken in that role. For the reasons stated, Defendant Martin's Motion to Dismiss Plaintiff's Amended Complaint based upon judicial immunity is **GRANTED**. Defendant Martin is hereby dismissed from the case.

### C.    Other Immunities

Defendant Martin additionally argues that he is entitled to qualified immunity and official immunity. While those claims may have had merit, the Court will decline to further analyze these immunities as the Court has granted Defendant Martin's Motion based upon judicial immunity.

### CONCLUSION

For the reasons stated above, Defendant Martin's Motion to Strike Amended Complaint is **DENIED**. Defendant Martin's Motion to Dismiss for Lack of Jurisdiction is **GRANTED** as to

Count I – Deprivation of Civil Rights Under Color of Law and **DENIED** as to Count II - Fraud. Defendant Martin's Motion to Dismiss for Failure to State a Claim on Count II - Fraud based upon the Eleventh Amendment is **DENIED**. Defendant Martin's Motion to Dismiss for Failure to State a Claim on Count II – Fraud is **GRANTED** based upon judicial immunity. Defendant Martin is hereby dismissed from the case.

**IT IS SO ORDERED.**

Date: October 23, 2025

_____/s/ Douglas Harpool_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**