IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID E. BURGOON SR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:25-cv-04125-MDH |
| ) | |
| AARON JOHN MARTIN et. al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendants Darcy Thomas and Troy Wheatley's ("Defendants") Motion to Dismiss. (Doc. 26). Defendants filed Suggestions in Support (Doc. 27), Plaintiffs filed Suggestions in Opposition (Doc. 32) and Defendants have filed a reply. (Doc. 35). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

This case arises from a dispute regarding the standing and ultimate judgment of the Associate Circuit Court of Moniteau County, Missouri in *US Bank Trust Ass v. David E Burgoon et al* – 25MT-AC00008. Plaintiffs in this case are David E Burgoon, Sr., Melinda J Burgoon, Donna Corneett, Monte Cornett, Tiffany Eden, Nathaniel Parker, Adam Porter and Dee Distler-Closser. Plaintiffs are all Missouri residents and lived within the property subject to the unlawful detainer action. Defendant Aaron John Martin was the judge who presided over the state case.[1] Defendant U.S. Bancorp d/b/a U.S. Bank National Association was the plaintiff in the underlying state action and brought the petition for unlawful detainer. Defendant EastPlains Corporation

---

[1] Defendant Aaron John Martin was dismissed from the case on October 23, 2025. See Doc. 34.

1

created the Successor Trustee's Deed on the alleged default of Plaintiffs. Defendants Tony Wheatley and Darcy Thomas were the Moniteau County Sheriff and Deputy, respectively that helped enforce the unlawful detainer action. Defendants John Does number 1 through 10 are the Sheriff's deputies who helped effectuate the removal of Plaintiffs from the Property.

On January 8, 2025, US Bank Trust National Association filed a Petition of Unlawful Detainer against David E. Burgoon Sr., Melinda J. Burgoon, John Doe (unknown tenant(s)/occupant(s)) and Jane Doe (unknown tenant(s)/occupant(s)) in the Associate Circuit Court of Moniteau County, Missouri. The suit is based on a failure of David E. Burgoon Sr., Melinda J. Burgoon, and all those living in the residence at 32260 Theodore Road, California, Missouri 65018 (the "Property") to vacate following a foreclosure trustee's sale held on October 29, 2024. On May 7, 2025, Defendant Martin entered judgment in favor of US Bank Trust National Association finding that US Bank Trust National Association is the record owner of the Property. Judge Martin further found that David E. Burgoon Sr., Melinda J. Burgoon, and those living at the Property had been given notice to vacate and had failed to vacate thus forcibly and unlawfully holding/detaining possession of the Property from US Bank Trust National Association. Defendant Martin then ordered that the Plaintiff shall be restored to possession of the Property.

While the allegations in the Complaint are generally sporadic, Plaintiffs bring two counts: Count One – Deprivation of Civil Rights Under Color of Law and an unnamed Count Two. Plaintiffs seek relief from this Court by requesting an order which would: (1) void the judgment issued state case; (2) issue quiet title in the name of Plaintiffs for the Property; and (3) an award of punitive damages. Defendants argue they are entitled to dismissal as the Amended Complaint fails to state a claim for which relief can be granted in light of qualified immunity; the *Rooker-Feldman* doctrine prohibits this type of case; Defendants enjoy an extension of judicial immunity

as they were carrying out a judicial decree; and Plaintiffs are engaging in the unauthorized practice of law. The Court will take each argument in turn.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

I. *Rooker-Feldman*

Defendants argue that Plaintiffs' claims are solely based upon the state court order issued by Judge Martin. Defendants assert this Court lacks the jurisdiction and authority to void Judge Martin's judicial decision as the *Rooker-Feldman* doctrine clearly bars the claims raised by Plaintiffs in the Amended Petition. Plaintiffs argue that the *Rooker-Feldman* doctrine does not apply as that doctrine is based on the underlying case being adjudicated legally. Plaintiffs assert

that the underlying state case was not adjudicated legally and therefore the *Rooker-Feldman* doctrine does not apply.

"The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) (quoting *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)). "The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006). However, "[i]f a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached then there is jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

The Court finds that the *Rooker-Feldman* doctrine applies to the case at bar. In Plaintiffs' Amended Complaint they state they are:

> CHALLENGING THE SUBJECT MATTER JURISDICTION of the Missouri State Circuit Court 26 of Moniteau County Case Number 25MT-AC00008 pursuant to a complete lack of review of the petition to determine if the Plaintiff had met the Constitutional, Irreducible, Minimum, Requirements of Standing.

(Complaint ¶ 2). Plaintiffs Count I – Deprivation of Civil Rights Under Color of Law is in essence an appeal of the underlying state court decision challenging the subject matter jurisdiction of that court. This Court therefore does not have jurisdiction to adjudicate Count I and Plaintiffs recourse for this count is within the appellate courts of the state system. Further, the federal courts share concerns for finality and consistency and has generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). As such, the Court is without jurisdiction to adjudicate Plaintiffs' Count I – Deprivation of Civil Rights Under Color of Law.

However, Plaintiff's unlabeled Count II is an independent cause of action that was not brought in the underlying state law action. Thus, the *Rooker-Feldman* doctrine does not apply to that cause of action and the Court rightfully has jurisdiction to adjudicate the claim. For the reasons stated, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint based upon the *Rooker-Feldman* Doctrine is **GRANTED** as to Count I – Deprivation of Civil Rights Under Color of Law and **DENIED** as to Count II.

## II. Qualified Immunity

Defendants argue that the Amended Complaint lacks any allegations as to what actions were taken by Defendants Wheatley or Thomas, let alone how said actions violated the Plaintiffs' constitutional rights. Plaintiffs contend that the order issued by Judge Martin to be removed from the property was an illegal order and thus Defendants Wheatley and Thomas infringed upon their rights by enforcing the order.

Qualified immunity shields government officials from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would know. *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016) (citing *Mallak v. City of Baxter*, 823 F.3d 441, 445 (8th Cir. 2016)). To determine if an individual is entitled to qualified immunity, the Court must conduct a two-part inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of deprivation." *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The courts have the discretion to decide which

of the two prongs of qualified-immunity analysis to tackle first. *Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

While Plaintiffs have not labeled Count II, the Court has construed the count to be a deprivation of civil rights premised on fraud. Plaintiffs allege that:

> Using a Fraudulent Trustee's Deed Created by Defendants EastPlains Corporation, US Bank National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust[] and nearly Every Employee of the Moniteau County Sheriff's Office involving Sheriff Tony Wheatley and Deputy Sheriff Darcy Thomas and Moniteau County Judge Aaron John Martin All Acting Together And Using This Forged Deed as Well as Intimidation and Deceit "Under Color of Law" To Steal A Home and Property From Citizens of Missouri and the United States of America inflicting Massive physical and Mental Injuries and Damages In A Heinous Scheme or Artifice In An Enterprise Like Racketeering Venture.

(Complaint, page 6-7). Here, the Court finds that to the extent Plaintiffs are seeking this claim as part of a 1983 action, Defendants Wheatley and Thomas are entitled to qualified immunity. Construing the Amended Complaint liberally, Plaintiffs fail to demonstrate the deprivation of a constitutional or statutory right by Defendants Wheatley and Thomas. The only constitutional right Plaintiffs complain of is that "Plaintiffs have been deprived of civil rights. Due Process is just one. But a very important one." (Complaint ¶ 22). However, Defendants Wheatley and Thomas were operating at the issuance of a legal court order. While Plaintiffs attempt to challenge the legality of such an order, there has been no holding, either at the federal or state level, that Judge Martin's Order was illegal. Taking the facts in the light most favorable to Plaintiffs, it demonstrates that Defendants Wheatley and Thomas were operating in good faith on a lawful order by a state circuit judge pursuant to an unlawful detainer action. Plaintiffs have failed to allege any constitutional deprivation that can be rightfully linked to Defendants Wheatley or Thomas. For the reasons stated, Defendants Motion to Dismiss based on qualified immunity is **GRANTED**.

## II. Other Claims

The Court having granted Defendants Wheatley and Thomas's Motion to Dismiss will decline to analyze the Defendants' arguments regarding judicial immunity and Plaintiffs engaging in the unauthorized practice of law.

## CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint based upon the *Rooker-Feldman* Doctrine is **GRANTED** as to Count I – Deprivation of Civil Rights Under Color of Law and **DENIED** as to Count II. Defendants Motion to Dismiss based upon qualified immunity is **GRANTED** as to Count II. Defendants Darcy Thomas and Troy Wheatley are hereby dismissed from the case.

**IT IS SO ORDERED.**

Date: January 8, 2026

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**